ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 1 9 2006

at 9 o'clock and ___ min. ___ M
SUE BEITIA, CLERK

LODGED

MAR 0 9 2006
4:30 a
CLERK, U. S. DISTRICT COURT
DISTRICT OF HAWAII

SUE ELLEN WOOLDRIDGE
  Assistant Attorney General
  Environment and Natural
    Resources Division
  United States Department of Justice
  Washington, D.C.  20530
DAVID B. GLAZER
  Environment and Natural
    Resources Division
  United States Department of Justice
  301 Howard Street, Suite 1050
  San Francisco, California  94105
  Telephone: (415) 744-6491
  Facsimile: (415) 744-6476
EDWARD H. KUBO, JR.  2499
  United States Attorney
  District of Hawai`i
RACHEL MORIYAMA  3802
  Assistant United States Attorney
  Room 6-100, PJKK Federal Building
  300 Ala Moana Boulevard
  Honolulu, Hawai`i  96850
  Telephone: (808) 541-2850
  Facsimile: (808) 541-2958
MARK S. BENNETT  2672
  Attorney General
KATHLEEN S. HO  3424
  Deputy Attorney General
  Office of the Attorney General
  465 South King Street, Room 200
  Honolulu, Hawai`i  96813
  Telephone: (808) 587-3062
  Facsimile: (808) 587-3077

Attorneys for Plaintiffs United States and State of Hawai`i


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I


|  |  |
|---|---|
| UNITED STATES OF AMERICA, *et al.* )<br><br>       Plaintiffs,<br><br>            v.<br><br>JAMES H. PFLUEGER; PFLUEGER<br>PROPERTIES; AND PĪLA`A 400 LLC,<br><br>       Defendants. | NO. CV06 UU140 SPK BMK<br><br><br>CONSENT DECREE; APPENDICES<br>"A" - "I" |

TABLE OF CONTENTS

I.      JURISDICTION AND VENUE . . . . . . . . . . . . . . .   3

II.     APPLICABILITY  . . . . . . . . . . . . . . . . . . .   4

III.    DEFINITIONS  . . . . . . . . . . . . . . . . . . . .   5

IV.     CIVIL PENALTIES  . . . . . . . . . . . . . . . . . .   7

V.      COMPLIANCE REQUIREMENTS  . . . . . . . . . . . . . .   8

VI.     SUPPLEMENTAL ENVIRONMENTAL PROJECT . . . . . . . . .  12

VII.    REPORTING REQUIREMENTS . . . . . . . . . . . . . . .  15

VIII.   STIPULATED PENALTIES . . . . . . . . . . . . . . . .  18

IX.     FORCE MAJEURE  . . . . . . . . . . . . . . . . . . .  27

X.      DISPUTE RESOLUTION . . . . . . . . . . . . . . . . .  30

XI.     INFORMATION COLLECTION AND RETENTION . . . . . . . .  33

XII.    EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS . . . . .  43

XIII.   COSTS  . . . . . . . . . . . . . . . . . . . . . . .  44

XIV.    NOTICES  . . . . . . . . . . . . . . . . . . . . . .  45

XV.     RETENTION OF JURISDICTION  . . . . . . . . . . . . .  47

XVI.    MODIFICATION . . . . . . . . . . . . . . . . . . . .  48

XVII.   TERMINATION  . . . . . . . . . . . . . . . . . . . .  48

XVIII.  PUBLIC PARTICIPATION . . . . . . . . . . . . . . . .  49

XIX.    SIGNATORIES/SERVICE  . . . . . . . . . . . . . . . .  50

XX.     INTEGRATION  . . . . . . . . . . . . . . . . . . . .  50

XXI.    FINAL JUDGMENT . . . . . . . . . . . . . . . . . . .  51

XXII.   APPENDICES . . . . . . . . . . . . . . . . . . . . .  51

Plaintiff United States of America, on behalf of the United States Environmental Protection Agency ("EPA") filed a Complaint, concurrently with the lodging of this Consent Decree, against Defendants James H. Pflueger, Pflueger Properties, and Pīla`a 400, LLC, for civil penalties and injunctive relief, pursuant to Sections 309(b) and (d), and 504 of the Clean Water Act ("CWA" or "the Act"), 33 U.S.C. §§ 1319(b), (d) & 1364, and Section 13 of the Rivers and Harbors Act of 1899 ("R&HA"), 33 U.S.C. § 407, also known as the "Refuse Act." Plaintiff State of Hawai`i, on behalf of the Hawai`i Department of Health ("DOH"), joined in the Complaint to bring claims against Defendants for violations of State law.

The Complaint against the Defendants alleges that Defendants illegally discharged storm water runoff associated with their construction activities on property at Pīla`a ("Property"), including the areas adjacent to Kaloko Reservoir, on the Island of Kaua`i, Hawai`i, in violation of Sections 301 and 402(p) of the CWA, 33 U.S.C. §§ 1311, 1342(p), and Section 13 of the R&HA, 33 U.S.C. § 407, and that those unpermitted discharges resulted in erosion and storm water runoff from the Property and damaged reef flats and other areas used by local residents for recreation and subsistence. In addition, the Complaint alleges that Defendants illegally filled in areas of navigable waters on the Property, in violation of Sections 301 and 404 of the CWA, 33 U.S.C. §§ 1311, 1344. DOH also brings claims under State law, Haw. Rev. Stat. § 342D-2, 4, 9, 30, 31 & 50, and Haw. Admin. Rules Section 11-54-04, and further alleges that Defendants' unpermitted discharges violated State water

- 1 -

quality standards.

On August 19, 2002, pursuant to Section 505 of the CWA, 33 U.S.C. § 1365, Plaintiffs Limu Coalition and Kīlauea Neighborhood Association ("Citizens") filed a complaint, since amended, against Defendants for Defendants' violations of Sections 301, 402, and 404 of the CWA.

On October 23, 2002, the County of Kaua`i ("the County") filed a complaint in the Circuit Court of the Fifth Circuit, for mandatory injunctive relief and damages, pursuant to Chapter 205A of the Hawai`i Revised Statutes and the Special Management Area ("SMA") Rules and Regulations of the County. The County has settled its claims against the Defendants, and the County's complaint was dismissed with prejudice on December 22, 2004. The settlement agreement resolving the County's claims is attached hereto as Appendix A.

Defendants deny any liability to the United States, the State, the County and the Citizens arising out of the transactions or occurrences alleged in the Plaintiffs' respective complaints.

The Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Section I, below, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as

- 2 -

follows:

## I.  JURISDICTION AND VENUE

1.   This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, 1355, 1367, 1651, 2201 & 2202, Sections 309(b) and (d), 504, and 505 of the CWA, 33 U.S.C. §§ 1319(b), (d), 1364 & 1365, and Section 13 of the R&HA, 33 U.S.C. § 407, and over the Parties.  Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b), (c) & 1395(a), and 33 U.S.C. §§ 1319(b) & 1365(c), because the transactions and events giving rise to this action occurred in this District and the Defendants reside here.  For purposes of this Decree, or any action to enforce this Decree, the Parties consent to the Court's jurisdiction and consent to venue in this District.  The County voluntarily consents to the jurisdiction of this Court and joins this Decree under 28 U.S.C. § 1651.

2.   For purposes of this Consent Decree, only, Defendants agree that the Complaint brought by the United States and DOH states claims upon which relief may be granted pursuant to Sections 301, 309(b), (d), 402(p), 404, and 504 of the CWA, 33 U.S.C. §§ 1311, 1319(b), (d), 1342(p), 1344 & 1364, and Section 13 of the R&HA, 33 U.S.C. § 407, as well as under Haw. Rev. Stat. § 342D-2, 4, 9, 30, 31 & 50.  Defendants further agree that, for purposes of this Consent Decree and the Settlement Agreement and Order in *Limu Coalition, et al. v. Pflueger, et al.*, Civil No. 02-00521 SPK BMK (D. Haw.), only, the Citizens' complaint states claims upon which relief may be granted pursuant to Sections 301, 309(b), (d), 402(p), 404, and 505 of the CWA, 33 U.S.C. §§ 1311, 1319(b), (d), 1342(p), 1344 & 1365.

- 3 -

## II.  APPLICABILITY

3.   The obligations of this Consent Decree apply to and are binding upon the Parties hereto and upon any successor or other entities or persons otherwise bound by law until this Consent Decree is terminated pursuant to Section XVII, except as to the information-retention obligations of Paragraphs 70 through 74, below, which may continue beyond the date this Consent Decree is terminated.

4.   No transfer of ownership or operation of the Property, whether in compliance with this Paragraph or otherwise, shall relieve Defendants of their obligation to ensure that the terms of the Decree are implemented.  Any transfer of ownership or operation of the Property to any other person must be conditioned upon the transferee's agreement to undertake the obligations required by Sections V-VII and XI of this Decree, as provided in a written agreement between Defendants and the proposed transferee, enforceable by the United States, DOH, the County, and the Citizens, as appropriate, as third-party beneficiaries of such agreement.  At least 30 days prior to any transfer, Defendants shall provide a copy of this Consent Decree to the proposed transferee and shall simultaneously provide written notice of the prospective transfer, together with a copy of the proposed written agreement, to the other Parties in accordance with Section XIV of this Decree (Notices).  Any attempt to transfer ownership or operation of the Property without complying with this Paragraph constitutes a violation of this Decree.

5.   Defendants shall provide a copy of this Consent Decree to all officers, employees, and agents whose duties might

- 4 -

reasonably include compliance with any provision of this Decree, as well as to any contractor retained to perform work required under this Consent Decree.  Defendants shall condition any contract that includes work to be performed after entry of this Consent Decree upon performance of the work in conformity with the terms of this Consent Decree.  Within 15 days after entry of this Decree, Defendants shall certify that all contractors performing work required by this Decree have received copies of those work plans included as Appendices B-G to this Decree relevant to the work such contractors shall be performing and that, if any such contractor performed work prior to entry of the Decree, such work was performed in accordance with all applicable plans as contained in Appendices B-G.

6.    Subject to the provisions of Section IX, below, in any action to enforce this Consent Decree, Defendants shall not raise as a defense the failure by any of their officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Decree.

### III.  DEFINITIONS

7.    Terms used in this Consent Decree that are defined in the Act or in regulations promulgated pursuant to the Act shall have the meanings assigned to them in the Act or such regulations, unless otherwise provided in this Decree.  Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

a.    "Complaint" shall mean the complaint filed by the United States and DOH in this action; "Complaints" shall mean, in addition, the complaint (as amended) filed by the Citizens.

b.   "Citizens" shall mean the Limu Coalition and Kīlauea Neighborhood Association, the plaintiffs in the action filed under Section 505 of the CWA, 33 U.S.C. § 1365, in this Court, Civil No. 02-00521 SPK BMK;

c.   "Consent Decree" or "Decree" shall mean this Decree and all Appendices attached hereto (listed in Section XXII of this Decree);

d.   "County" shall mean the County of Kaua`i.

e.   "Day" shall mean a calendar day unless expressly stated to be a working day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or State holiday, the period shall run until the close of business of the next working day;

f.   "Defendants" shall mean James H. Pflueger, in his individual and representative capacities; Pflueger Properties, and Pīla`a 400, LLC;

g.   "DOH" shall mean the State of Hawai`i Department of Health and any successor departments or agencies of the State;

h.   "EPA" shall mean the United States Environmental Protection Agency and any successor departments or agencies of the United States;

i.   "Effective Date" shall mean the date on which this Consent Decree is entered by the Court;

j.   "Paragraph" shall mean a portion of this Decree identified by an arabic numeral;

k.   "Parties" shall mean the United States, the State, the County, the Citizens, and the Defendants;

l.   "Plaintiffs" shall mean the United States, the

- 6 -

State, and the Citizens.

       m.    "Property" shall mean the property located at
Pīlaʻa including the area adjacent to the Kaloko Reservoir on the
Island of Kauaʻi and further identified by Tax Map Key (4) 5-1-
02:01, (4) 5-1-04:08, and (4) 5-1-04:37, together with associated
kuleana owned by Defendants within such parcels.

       n.    "Section" shall mean a portion of this Decree
identified by a roman numeral;

       o.    "State" shall mean the State of Hawaiʻi, acting on
behalf of DOH.

       p.    "United States" shall mean the United States of
America, acting on behalf of EPA.

<div align="center">IV.  <u>CIVIL PENALTIES</u></div>

    8.    Within 30 days after the Effective Date of this Consent
Decree, Defendants shall pay to the United States the sum of
$830,000 as a civil penalty, together with interest accruing from
the date on which the Consent Decree is entered by the Court, at
the rate specified in 28 U.S.C. § 1961 as of the date of entry.
Payment shall be made by FedWire Electronic Funds Transfer
("EFT") to the U.S. Department of Justice in accordance with
instructions to be provided to Defendants, following lodging of
the Consent Decree, by the Financial Litigation Unit of the U.S.
Attorney's Office for the District of Hawaiʻi.  At the time of
payment, Defendants shall simultaneously send written notice of
payment and a copy of any transmittal documentation (which should
reference DOJ case number 90-5-1-1-07871 and the civil action
number of this case) to the Parties in accordance with Section
XIV of this Decree (Notices).



9.    Defendants shall pay to DOH the sum of $1,170,000 as a civil penalty in two installments: one payment of $585,000 due and payable within 30 days after the Effective Date of this Consent Decree, and the final payment of $585,000 due and payable within 120 days after the Effective Date of this Decree.  Both installments shall be paid by cashier's or certified check made payable to the State of Hawai`i.  Neither installment shall bear interest.  At the time of each payment, Defendants shall simultaneously send written notice of payment and a copy of any transmittal documentation (which should reference the civil action number of this case) to the Parties in accordance with Section XIV of this Decree (Notices).

10.  Defendants shall not deduct the civil penalties paid under this Section in calculating their federal income tax.

V.  COMPLIANCE REQUIREMENTS

11.  Defendants shall comply at the Property with Sections 402(p) and 404 of the CWA, 33 U.S.C. §§ 1342(p), 1344; Haw. Rev. Stat. Chapter 205A and § 342D-2, 4, 9, 30, 31 & 50; Haw. Admin. Rules Section 11-55; and the SMA Rules and Regulations of the County of Kaua`i.

12.  Defendants shall perform the work required in the following Appendices:

a.    Package 1 (Appendix B)

Construction Plans for: Pīla`a 400, Remediation Plans – Package 1, Located at: Pīla`a, Kaua`i, Hawai`i, Tax Map Key: 5-1-04:8, dated December 16, 2005;

b.    Kaloko (Appendix C)

Construction Plans for: Kaloko Reservoir, Located at:

Pīla`a, Kaua`i, Hawai`i, Tax Map Key: 5-1-02:01, dated
December 16, 2005;

c.    Eastern Plateau (Appendix D)

Pīla`a 400, Remediation Plans – Package 2, Eastern
Plateau (Between Gulch 1 and 2) Remediation Plan, dated
December 16, 2005;

d.    Package 2 (Appendix E)

Construction Plans for: Pīla`a 400, Remediation Plans –
Package 2, Located at: Pīla`a, Kaua`i, Hawai`i, Tax Map
Key: 5-1-04:8, dated December 16, 2005;

e.    OMMP (Appendix F)

Operation, Monitoring and Maintenance Plan for Pīla`a
400 Remediation Plans – Package 1, Package 2, and
Eastern Plateau.

f.    Implementation Schedule (Appendix I)

Construction Schedule, dated December 16, 2005.

13.    Approval of Project Manager. Belt Collins Hawai`i Ltd.
is currently serving as Project Manager responsible for over-
seeing work performed pursuant to this Section. If, for any
reason, a replacement Project Manager is needed, Defendants shall
submit to EPA, the State, the County, and the Citizens the name
of an individual or firm proposed to serve as a replacement
Project Manager. EPA (after consultation with the State, the
County, and the Citizens) may disapprove Defendants' proposed
Project Manager, in which case Defendants shall submit an
alternate name within 10 days of EPA's disapproval. No replace-
ment Project Manager may commence any activities pursuant to this
Consent Decree until approved by EPA. However, if EPA does not

- 9 -

respond within two weeks of Defendants' submission of a proposed
replacement Project Manager, and if subsequent activities are
dependent on replacement of the Project Manager, then the
proposed replacement Project Manager may commence such activities
until notified otherwise by EPA.

14.  <u>Approval of Deliverables</u>.  After review of any plan,
report, or other item that is required to be submitted pursuant
to this Consent Decree, EPA (after consultation with the State,
the County, and the Citizens) shall in writing: (a) approve the
submission; (b) approve the submission upon specified conditions;
(c) approve part of the submission and disapprove the remainder;
or (d) disapprove the submission.

15.  If the submission is approved pursuant to Paragraph
<u>14</u>(a), Defendants shall take all actions required by the plan,
report, or other document, in accordance with the schedules and
requirements of the plan, report, or other document, as approved.
If the submission is conditionally approved or approved only in
part, pursuant to Paragraph <u>14</u>(b) or (c), Defendants shall, upon
written direction of EPA (after consultation with the State, the
County, and the Citizens), take all actions required by the
approved plan, report, or other item that EPA (after consultation
with the State, the County, and the Citizens) determines are
technically severable from any disapproved portions, subject to
Defendants' right to dispute only the specified conditions or the
disapproved portions, under Section X of this Decree (Dispute
Resolution).

16.  If the submission is disapproved in whole or in part
pursuant to Paragraph <u>14</u>(c) or (d), Defendants shall, within 30

days or such other time as agreed to by Defendants and EPA in writing, correct all deficiencies and resubmit the plan, report, or other item, or disapproved portion thereof, for approval, in accordance with the preceding Paragraphs.  If the resubmission is approved in whole or in part, Defendants shall proceed in accordance with the preceding Paragraph.

17.  Any Stipulated Penalties applicable to the original submission, as provided in Section VIII of this Decree, shall accrue during the 30-day period or other period specified for resubmission, but shall not be payable unless the resubmission is untimely or is disapproved in whole or in part; provided that, if the original submission was so deficient as to constitute a material breach of Defendants' obligations under this Decree, the Stipulated Penalties applicable to the original submission shall be due and payable notwithstanding any subsequent resubmission.

18.  If a resubmitted plan, report, or other item, or portion thereof, is disapproved in whole or in part, EPA (after consultation with the State, the County, and the Citizens) may again require Defendants to correct any deficiencies, in accordance with the preceding Paragraphs, or may itself correct any deficiencies, subject to Defendants' right to invoke Dispute Resolution and to the right of EPA and the State to seek Stipulated Penalties as provided in the preceding Paragraphs and subject to the provisions of Paragraph 44, below.

19.  Permits.  Where any compliance obligation under this Section requires Defendants to obtain a federal, state, or local permit or approval, Defendants shall submit timely and complete applications to obtain all such permits or approvals.  Defendants

- 11 -

may seek relief under the provisions of Section IX (Force
Majeure) of this Consent Decree for any delay in the performance
of any such obligation resulting from a failure to obtain, or a
delay in obtaining, any permit or approval required to fulfill
such obligation, if Defendants have submitted timely and complete
applications to obtain all such permits or approvals.

20. The Parties acknowledge that Nationwide Permit 32,
67 Fed. Reg. 2020, 2084 (Jan. 15, 2002), authorizes any fill that
was placed as of November 22, 2002, in waters of the United
States at the Property subject to this Decree, to remain in
place, subject to the conditions provided in the Nationwide
Permit, any applicable regional conditions, and this Consent
Decree.  The parties further acknowledge that Nationwide Permit
32, 67 Fed. Reg. 2020, 2084 (Jan. 15, 2002), authorizes the
discharge of dredged or fill material insofar as such discharge
is necessary to complete the work required to be performed
pursuant to this Consent Decree.  Any such discharge of dredged
or fill material necessary for work required by this Consent
Decree shall be subject to the conditions of the Nationwide
Permit and this Consent Decree.

VI.  <u>SUPPLEMENTAL ENVIRONMENTAL PROJECT</u>

21. Within 30 days after the Effective Date of this Consent
Decree, Defendants shall place $200,000 into an escrow account
bearing interest on commercially reasonable terms, in a
federally-chartered bank (the "Escrow Account").  The monies
shall be used by the Defendants to implement a Supplemental
Environmental Project ("SEP"), consisting of the replacement of
certain septic ponds with appropriate sanitary facilities, in

- 12 -

accordance with the provisions of Appendix G to this Consent Decree, which is attached hereto and incorporated into this Decree by reference.

22. Defendants are responsible for the satisfactory completion of the SEP in accordance with the requirements of this Decree and Appendix G. Defendants may use contractors and/or consultants in planning and implementing the SEP, subject to approval by EPA (after consultation with the State, the County, and the Citizens) in accordance with the Paragraph below, and Defendants may withdraw funds from the Escrow Account for that purpose.

23. <u>Approval of Project Manager and Contractors</u>. Within 30 days from the date this Consent Decree is entered, Defendants shall submit to EPA, the State, the County, and the Citizens the name of an individual or firm to serve as the Project Manager responsible for overseeing work performed pursuant to this Section. In addition, Defendants shall submit the names of all contractors or other consultants whose services Defendants anticipate using in performing the SEP. EPA (after consultation with the State, County, and Citizens) may disapprove Defendants' proposed Project Manager, or any of Defendants' proposed consultants or contractors, in which case Defendants shall submit an alternate name in lieu of each disapproved individual or firm, within 10 days of EPA's disapproval.

24. With regard to the SEP, Defendants certify the truth and accuracy of each of the following:

a. That, as of the date they execute this Decree, Defendants were neither required to perform or develop the SEP by

- 13 -

any federal, state, or local law or regulation, nor were
Defendants required to perform or develop the SEP by agreement,
grant, or as injunctive relief awarded in any other action in any
forum;

b.    That the SEP is not a project that Defendants were
planning or intending to construct, perform, or implement other
than in settlement of the claims resolved in this Decree;

c.    That Defendants have not received, and are not
negotiating to receive, credit for the SEP in any other enforce-
ment action; and

d.    That Defendants will not receive any reimbursement
for any portion of the SEP from any other person.

25.    Final SEP Report.  Defendants shall submit to the
Parties in accordance with Section XIV of this Consent Decree
(Notices) a Final SEP Report, as required by Paragraph 13 of
Appendix G.

26.    EPA may, in its sole discretion, require information in
addition to that contained in Defendants' initial Final SEP
Report, in order to determine the adequacy of SEP completion or
eligibility of SEP costs, and Defendants shall provide such
information.

27.    After receiving the Final SEP Report, the United States
(after consultation with the State, the County, and the Citizens)
shall notify Defendants whether or not Defendants have
satisfactorily completed the SEP.  If the SEP has not been satis-
factorily completed in accordance with Appendix G, Stipulated
Penalties may be assessed under Paragraph 42 of this Consent
Decree.

- 14 -

28.  Disputes concerning the satisfactory performance of the SEP and the amount of eligible SEP costs expended may be resolved under Section X of this Decree (Dispute Resolution).  No other disputes arising under this Section shall be subject to Dispute Resolution.

29.  Each submission required under this Section shall be signed by an official with knowledge of the SEP and shall bear the certification language set forth in Paragraph 34, below.

30.  Any written public statement made by Defendants and referring to the SEP under this Decree, shall include the following language, "This project was undertaken in connection with the settlement of enforcement actions, *United States, et al. v. James H. Pflueger, et al.* and *Limu Coalition, et al. v. James H. Pflueger, et al.,* brought under the Clean Water Act."  Any oral public statement made by the Defendants and referring to the SEP under this Decree shall include language substantially similar to the language required for written public statements.

VII.  <u>REPORTING REQUIREMENTS</u>

31.  Defendants shall submit the following reports:

a.  Within 30 days after the end of each calendar-year quarter (*i.e.*, by April 30, July 30, October 30, and January 30) following the Effective Date of this Consent Decree, until termination of this Decree pursuant to Section XVII, Defendants shall submit a quarterly report for the preceding quarter that shall include: status of any construction or compliance measures; completion of milestones; problems encountered or anticipated, together with implemented or proposed solutions; status of permit applications; and operation and maintenance efforts.

- 15 -

b.    Within 10 days after Defendants receive water quality sampling results, Defendants shall submit to the Parties the results of all water quality sampling required either in the OMMP or in the Clean Water Act Section 401 Certification, until termination of this Decree pursuant to Section XVII.  Defendants shall submit to the Parties all other reporting required in the OMMP within 10 days of each report's preparation.

c.    If Defendants violate, or have reason to believe that they may violate, any requirement of this Consent Decree or of any applicable permits, Defendants shall notify the Parties of any such violation and its likely duration in writing within 10 working days of the day Defendants first became aware of the violation or potential violation, with an explanation of the violation's likely cause and of the remedial steps taken, or to be taken, to prevent or minimize such violation.  If the cause of a violation cannot be fully explained at the time the report is due, Defendants shall include a statement to that effect in the report.  Defendants shall investigate to determine the cause of the violation and then shall submit an amendment to the report, including a full explanation of the cause of the violation, within 30 days of the day Defendants became aware of the cause of the violation.  Nothing in this Paragraph or the following Paragraph relieves Defendants of their obligation to provide the requisite notice for purposes of Section IX (Force Majeure).

32.  In the case of any violation of this Consent Decree or other event arising in connection with the performance of the work required by this Decree that may pose an immediate threat to the public health or welfare or the environment, Defendants shall

- 16 -

notify EPA, the State, the County, and the Citizens, orally or by
electronic or facsimile transmission, as soon as possible, but
not later than 24 hours after Defendants first knew of, or should
have known of, the violation or event.  This procedure is in
addition to the requirements set forth in the preceding
Paragraph.  Notice pursuant to this Paragraph shall be provided
as follows:

<div style="padding-left:2em">

To EPA:      Kathi Moore
          Jeremy Johnstone
          Phone:  (415) 972-3505
                (415) 972-3499
          Fax:   (415) 947-3545
          Johnstone.Jeremy@epa.gov
          Moore.Kathi@epa.gov

To the State:    Denis Lau
          Phone:  (808) 586-4309
          Fax:   (808) 586-4352
          denis.lau@doh.hawaii.gov

To the County:   Donald M. Fujimoto, County
Engineer

          Phone:  (808) 241-1600
          Fax:   (808) 241-1604
          Dfujimoto@kauai.gov

To the Citizens:  David L. Henkin
          Earthjustice
          Phone:  (808) 599-2436, x 14
          Fax:   (808) 521-6841
          dhenkin@earthjustice.org

</div>

33.  All reports shall be submitted to the persons
designated in Section XIV of this Consent Decree (Notices).

34.  Each report submitted by Defendants under this Section
shall be signed by a representative of the submitting party and
include the following certification:

> I certify under penalty of law that I have
> examined and am familiar with the information
> submitted in this document and all attach-

ments and that this document and its attach-
ments were prepared either by me personally
or under my direction or supervision in a
manner designed to ensure that qualified and
knowledgeable personnel properly gather and
present the information contained therein. I
further certify, based on my personal know-
ledge or on my inquiry of those individuals
immediately responsible for obtaining the
information, that the information is true,
accurate and complete. I am aware that there
are significant penalties for submitting
false information, including the possibility
of fines and imprisonment for knowing and
willful submission of a materially false
statement.

This certification requirement does not apply to emergency or
similar notifications where compliance would be impractical.

35. The reporting requirements of this Consent Decree do
not relieve Defendants of any reporting obligations required by
the CWA or implementing regulations, or by any other federal,
state, or local law, regulation, permit, or other requirement.

36. Any information provided pursuant to this Consent
Decree may be used in any proceeding to enforce the provisions of
this Consent Decree and as otherwise permitted by law.

VIII. <u>STIPULATED PENALTIES</u>

37. If Defendants fail to pay the civil penalties required
to be paid under Section IV of this Decree (Civil Penalties) when
due, Defendants shall pay a stipulated penalty of $1,000 per day
for each day that any payment is late, payable to each Party (the
United States or the State) to which payment is owed. Late
payment of civil penalties shall be made in accordance with
Section IV, Paragraphs <u>8</u> and <u>9</u>, above. Stipulated Penalties for
any such late payments shall be paid in accordance with Section
VIII, Paragraphs <u>50</u> and <u>51</u> below. All transmittal correspondence

shall state that any such payment is for late payment of a civil penalty due under this Decree, or for Stipulated Penalties for late payment, as applicable, and shall include the identifying information set forth in Paragraphs 8 and 9, above.

38.  Defendants shall be liable for Stipulated Penalties to the United States and the State for other violations of this Consent Decree as specified below, unless excused under Section IX (Force Majeure).  A violation includes failing to perform any obligation required by the terms of this Decree, including any work plan or schedule approved under this Decree, according to all applicable requirements of this Decree and within the specified time schedules established by or approved under this Decree.

39.  <u>Discharge Violations</u>

a.   The following Stipulated Penalties shall accrue per violation per day for any discharge where the result for turbidity from the downstream sampling station is 25 NTU or more higher than the result from the upstream sampling station, as measured according to the requirements in Section 1.05 of the Operation, Monitoring, and Maintenance Plan set forth in Appendix F from any area of the Property at which construction activities required by Section V of the Decree are being implemented ("Remediation Area"), but only during the course of those construction activities and provided that they are undertaken in accordance and compliance with the terms of Section V of this Decree and applicable work plans and permits:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $200.00 | 1st through 3rd day |
| $400.00 | 4th through 6th day |
| $600.00 | 7th day and beyond |

b.    The following Stipulated Penalties shall accrue per violation per day for any discharge where the result for turbidity from the downstream sampling station is 25 NTU or more higher than the result from the upstream sampling station, as measured according to the requirements in Section 1.05 of the Operation, Monitoring, and Maintenance Plan set forth in Appendix F from any area of the Property at which construction activities have been undertaken other than in accordance and compliance with the terms of Section V of this Decree and applicable work plans and permits:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $1,000 | 1st through 3rd day |
| $2,000 | 4th through 6th day |
| $4,000 | 7th day and beyond |

40.    Compliance Milestones

a.    In addition to any Stipulated Penalties assessed under Paragraph 39, above, the following Stipulated Penalties shall accrue per violation per day for each violation of the requirements identified in Subparagraph b, below:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $  500.00 | 1st through 14th day |
| $1,000.00 | 15th through 30th day |
| $2,000.00 | 31st day and beyond |

- 20 -

b.    (1)    Each failure to timely or properly implement or maintain any BMPs as required by any of the work plans contained in Appendices B-E (Package 1, Package 2, Eastern Plateau, and Kaloko);

(2)    Each failure to timely conduct or submit any inspections, sampling, monitoring, or reports as required by the Operation, Monitoring, and Maintenance Plan set forth at Appendix F or otherwise required by this Consent Decree; and

(3)    In addition to any Stipulated Penalties assessed under Paragraphs 39 or 40a.-b.(2), above, the following Stipulated Penalties shall accrue per violation per day for any failure to meet the deadlines specified in Appendix H:

| Penalty Per Violation Per Day | Period of Noncompliance |
| --- | --- |
| $  750.00 | 1st through 14th day |
| $1,500.00 | 15th through 30th day |
| $3,000.00 | 31st day and beyond |

41.    Reporting Requirements.  The following Stipulated Penalties shall accrue per violation per day for each violation of the reporting requirements of Section VII of this Consent Decree:

| Penalty Per Violation Per Day | Period of Noncompliance |
| --- | --- |
| $  500.00 | 1st through 14th day |
| $1,000.00 | 15th through 30th day |
| $2,000.00 | 31st day and beyond |

For purposes of this Paragraph, multiple deficiencies in a single report shall be considered a single daily violation.

42.   SEP Compliance

a.    If any funds remain in the Escrow Account in accordance with Paragraph 4 or 5 of Appendix G, those monies shall be paid to the United States in the manner provided in Paragraph 50, below, at the time the Final SEP Report is submitted pursuant to Paragraph 13 of Appendix G.

b.    If Defendants fail to perform the SEP as required by Appendix G, Defendants shall pay a stipulated penalty of $20,000, in addition to any amount payable under the preceding Subparagraph, to the United States in the manner provided in Paragraph 50, below.  Such penalty shall be payable at the time the SEP was required to have been completed, as provided in Paragraph 14 of Appendix G, or within 30 days after Defendants cease work on the SEP, whichever is earlier.

c.    If, in performing the SEP, Defendants fail to comply with all applicable work plans and requirements of Appendix G to this Decree, Defendants shall pay Stipulated Penalties for each failure to meet an applicable milestone, as follows:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $250.00 | 1st through 14th day |
| $500.00 | 15th through 30th day |
| $750.00 | 31st day and beyond |

43.   Subject to the provisions of Paragraph 42(a) & (b) and Section X (Dispute Resolution), Stipulated Penalties under this Section shall begin to accrue on the day after performance is due or on the day a violation occurs, whichever is applicable, and shall continue to accrue until performance is satisfactorily

- 22 -

completed or until the violation ceases. Stipulated Penalties payable under Paragraph 42.c, above, shall cease to accrue upon payment of a Stipulated Penalty under Paragraph 42.b, above. Stipulated Penalties shall accrue simultaneously for separate violations of this Consent Decree. Defendants shall pay any Stipulated Penalty within 30 days of receiving a written demand therefor.

44. The United States, or the State, or both may seek Stipulated Penalties under this Section by making a written demand. Where both sovereigns seek Stipulated Penalties for the same violation of this Consent Decree, Defendants shall (subject to Section X of this Decree (Dispute Resolution)) pay 50 percent to the United States and 50 percent to the State, except for Stipulated Penalties accruing pursuant to Paragraph 42, above, which shall be paid only to the United States. Where only one sovereign demands Stipulated Penalties for a violation, it shall make that demand on its own behalf, and the Defendants shall pay the full amount of the Stipulated Penalties due for the violation to that sovereign. However, in no case will Defendants be obligated to pay more than 100% of the total amount of Stipulated Penalties owing for any violation.

45. Subject to the provisions of Paragraph 48, the United States or the State may, in the unreviewable exercise of its discretion, reduce or waive Stipulated Penalties otherwise due that sovereign under this Consent Decree. The determination by one sovereign not to seek Stipulated Penalties, or subsequently to waive or reduce the amount it seeks, shall not preclude the other sovereign from seeking Stipulated Penalties.

- 23 -

46.  Stipulated Penalties shall continue to accrue as provided in Paragraph 43, above, during any Dispute Resolution, with interest on accrued penalties payable and calculated at the rate established by the Secretary of the Treasury, pursuant to 28 U.S.C. § 1961, but need not be paid until the following:

a.   If the dispute is resolved by agreement or by a decision of EPA (in consultation with the State, the County, and the Citizens) that is not appealed to the Court, Defendants shall pay accrued penalties determined to be owing, together with interest, to the United States or the State within 30 days of the effective date of the agreement or the receipt of EPA's decision or order;

b.   If the dispute is appealed to the Court and the United States prevails in whole or in part, Defendants shall pay all accrued penalties determined by the Court to be owing, together with interest, within 60 days of receiving the Court's decision or order, except as provided in Subparagraph c, below;

c.   If any Party appeals the District Court's decision, Defendants shall pay all accrued penalties determined to be owing, together with interest, within 15 days of receiving the final appellate court decision.

47.  Defendants shall pay Stipulated Penalties for any violations or noncompliance otherwise subject to Paragraphs 39 and 40, above, but occurring between the date of lodging and the Effective Date of this Consent Decree, within 30 days of the date of demand.

48.  The Citizens may seek Stipulated Penalties under Paragraph 40.b(3), above, for any failure by Defendants to meet

- 24 -

the deadlines specified in Appendix H only, pursuant to the
procedures set forth in this Paragraph:

a.    The Citizens shall send written notice to
Defendants, the United States, and the State that the Citizens
intend to seek Stipulated Penalties for Defendants' failure to
meet one or more deadlines specified in Appendix H and stating
the basis for the Citizens' demand.

b.    The Citizens may not pursue a demand for Stipu-
lated Penalties unless either the United States or the State
concurs that, under the specific circumstances identified in the
Citizens' notice, Stipulated Penalties are appropriate.  The
Citizens will then forward to the Defendants a written demand for
Stipulated Penalties.

c.    Within 30 days of receiving the demand from the
Citizens pursuant to Subparagraph b., above, Defendants shall
(subject to the provisions of the next Paragraph) pay 50 percent
of the Stipulated Penalty set forth in the Citizens' demand to
the United States and 50 percent of the Stipulated Penalty set
forth in the Citizens' demand to the State.

d.    If at any time the United States or the State
elects to seek Stipulated Penalties pursuant to Paragraph 44,
such election will supersede any claim for Stipulated Penalties
by the Citizens for the same violations, if applicable.  In such
a case, the Citizens may, as provided in Paragraph 54, pursue
other remedies, including, but not limited to, filing a motion
with this Court to enforce Defendants' compliance with the
deadlines specified in Appendix H.

- 25 -

49.   If Defendants dispute the Citizens' demand for Stipulated Penalties, the parties shall meet and confer in a good faith effort to resolve the dispute.  If the parties are unable to resolve their dispute, they shall submit it to the Court for resolution.  Stipulated Penalties shall continue to accrue as provided in Paragraph 43, above, during the Court's resolution of any dispute, with interest on accrued penalties payable and calculated at the rate established by the Secretary of the Treasury, pursuant to 28 U.S.C. § 1961, but need not be paid until the following:

a.   If the Citizens prevail in whole or in part, Defendants shall pay all accrued penalties determined by the Court to be owing, together with interest, within 60 days of receiving the Court's decision or order, except as provided in Subparagraph b., below.

b.   If any party appeals the District Court's decision, Defendants shall pay all accrued penalties determined to be owing, together with interest, within 15 days of receiving the final appellate court decision.

50.  Defendants shall pay Stipulated Penalties owing to the United States by certified or cashier's check in the amount due payable to the "U.S. Department of Justice," referencing DOJ No. 90-5-1-1-07871 and United States Attorney's Office file number 2002V00283, and delivered to the office of the United States Attorney, District of Hawai`i, Room 6-100, PJKK Federal Building, 300 Ala Moana Boulevard, Honolulu, HI  96850.

51.  Defendants shall pay Stipulated Penalties owing to the State by certified or cashier's check made payable to the State

- 26 -

of Hawai`i and delivered to the Department of Health, Clean Water Branch, Att'n:  Denis Lau, 919 Ala Moana Blvd., Room 301, Honolulu, HI  96814.

52.  Defendants shall not deduct Stipulated Penalties paid under this Section in calculating their federal income tax.

53.  If Defendants fail to pay Stipulated Penalties according to the terms of this Consent Decree, Defendants shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due.

54.  The Stipulated Penalties provided for in this Consent Decree shall be in addition to any other rights, remedies, or sanctions available for Defendants' violation of this Consent Decree or applicable law.  Where a violation of this Consent Decree is also a violation of Section 301, 402, or 404 of the CWA, 33 U.S.C. §§ 1311, 1342, 1344, Defendants shall be allowed a credit, for any Stipulated Penalties paid, against any statutory penalties imposed for such violation.

IX.  FORCE MAJEURE

55.  A "force majeure event" is any event beyond the control of Defendants, or the control of Defendants' consultants or contractors or any entity controlled by Defendants, that delays the performance of any obligation under this Consent Decree despite Defendants' best efforts to fulfill the obligation, and may include the failure to obtain, or delay in obtaining, a permit, as provided in Paragraph 19, above.  "Best efforts" includes anticipating any potential force majeure event and addressing the effects of any such event (a) as it is occurring and (b) after it has occurred, to prevent or minimize any

- 27 -

resulting delay to the greatest extent possible.  "Force Majeure"
does not include Defendants' financial inability to perform any
obligation under this Consent Decree.

56.  Defendants shall provide notice orally or by electronic
or facsimile transmission as soon as possible, but not later than
72 hours after the time Defendants first knew of, or by the
exercise of due diligence, should have known of, a claimed force
majeure event.  Such notice shall be provided as follows:

| | |
|---|---|
| To EPA: | Kathi Moore |
| | Jeremy Johnstone |
| | Phone:  (415) 972-3505 |
| |           (415) 972-3499 |
| | Fax:    (415) 947-3545 |
| | Moore.Kathi@epa.gov |
| | Johnstone.Jeremy@epa.gov |
| | |
| To the State: | Denis Lau |
| | Mike Tsuji |
| | Phone:  (808) 586-4309 |
| | Fax:    (808) 586-4352 |
| | denis.lau@doh.hawaii.gov |
| | |
| To the County: | Donald M. Fujimoto, County |
| |     Engineer |
| | Phone:  (808) 241-1600 |
| | Fax:    (808) 241-1604 |
| | Dfujimoto@kauai.gov |
| | |
| To the Citizens: | David L. Henkin |
| | Earthjustice |
| | Phone:  (808) 599-2436, x 14 |
| | Fax:(808) 521-6841 |
| | dhenkin@earthjustice.org |

Defendants shall also provide written notice, as provided in
Section XIV of this Consent Decree (Notices), within seven days
of the time Defendants first knew of, or by the exercise of due
diligence, should have known of, the event.  The notice shall
state the anticipated duration of any delay; its cause(s);
Defendants' past and proposed actions to prevent or minimize any
delay; a schedule for carrying out those actions; and Defendants'

- 28 -

rationale for attributing any delay to a force majeure event. Failure to provide oral and written notice as required by this Paragraph shall preclude Defendants from asserting any claim of force majeure.

57.  If Defendants provide notice of a claimed force majeure event in accordance with the preceding Paragraph, the United States, the State, and the County (for purposes of this Section, collectively "the Governments") shall confer to seek consensus regarding whether a force majeure event has occurred.  Such period of consultation shall not exceed 30 days.  If the Governments agree that a force majeure event has occurred and the Citizens concur with that determination, they may agree to extend the time for Defendants to perform the affected requirements for the time necessary to complete those obligations.  An extension of time to perform the obligations affected by a force majeure event shall not, by itself, extend the time to perform any other obligation.  Where the Governments and the Citizens agree to an extension of time, the appropriate modification shall be made pursuant to Section XVI of this Consent Decree (Modification).

58.  If the Governments and the Citizens do not jointly concur that a force majeure event has occurred, or do not agree to the extension of time sought by Defendants, the Government and the Citizens shall each provide the Defendants with written notification of their position on the matters in dispute, within 10 days after their consultation is concluded.  Defendants shall not be entitled to relief under this Section unless Defendants bring, and the Court grants, a motion to modify the Consent Decree pursuant to Section XVI of this Consent Decree (Modifica-



tion).  To prevail on any such motion, Defendants bear the burden of proving, by a preponderance of the evidence, that each claimed force majeure event is a force majeure event, that Defendants gave the notice required by Paragraph 56, above, that the force majeure event caused any delay Defendants claim was attributable to that event, that Defendants exercised best efforts to prevent or minimize any delay caused by the event, and that the proposed modification to the Decree is otherwise appropriate.

59.  Where the Governments agree that a force majeure event has occurred and that a delay in performance was attributable to that event, Defendants shall not be liable for Stipulated Penalties for such delay in performance, notwithstanding any subsequent decision by the Court, following a motion made pursuant to the preceding Paragraph, that the event was not a force majeure event or that the delay was not attributable to the event.  However, nothing in this Paragraph shall be construed to prevent the Governments or the Citizens from seeking Stipulated Penalties for any failure by Defendants to further comply with the existing schedule for performance, or with any new schedule ordered by the Court, following the Court's ruling.

X.  <u>DISPUTE RESOLUTION</u>

60.  Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism for Defendants to resolve disputes arising under or with respect to this Consent Decree.  However, such procedures shall not apply to actions, as provided for by this Consent Decree, to enforce obligations of the Defendants that Defendants have not disputed in accordance with this

Section.

61.  <u>Informal Dispute Resolution</u>.  Any dispute subject to Dispute Resolution under this Consent Decree shall first be the subject of informal negotiations.  The dispute shall be considered to have arisen when the Defendants send the other Parties a written Notice of Dispute.  Such Notice of Dispute shall state clearly the matter in dispute.  The period of informal negotiations shall not exceed 30 days from the date the dispute arises, unless that period is modified by written agreement.  If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the United States (after consultation with the State, the County, and the Citizens) shall be considered binding on Defendants unless, within 30 days after the conclusion of the informal negotiation period, the Defendants invoke formal dispute resolution procedures as set forth below.

62.  <u>Formal Dispute Resolution</u>.  If Defendants seek to invoke formal dispute resolution procedures, Defendants shall, within the time period provided in the preceding Paragraph, serve on the other Parties a written Statement of Position regarding the matter in dispute.  The Statement of Position shall include, but may not necessarily be limited to, any factual data, analysis, or opinion supporting Defendants' position and any supporting documentation relied upon by Defendants.

63.  The United States shall serve its Statement of Position (after consultation with the State, the County, and the Citizens) within 30 days of receipt of the Defendants' Statement of Position.  The United States' Statement of Position shall

include, but may not necessarily be limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by the United States. The United States' Statement of Position shall be binding on the Defendants, unless Defendants file a motion for judicial review of the dispute in accordance with the following Paragraph.

64. If Defendants seek judicial review of the dispute, they shall file with the Court and serve on the other Parties, in accordance with Section XIV of this Consent Decree (Notices), a motion requesting judicial resolution of the dispute. The motion must be filed within 30 days of receipt of the United States' Statement of Position pursuant to the preceding Paragraph. The motion shall contain a written statement of Defendants' position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.

65. In any dispute before the Court, Defendants shall bear the burden of demonstrating that their position clearly complies with the requirements of this Consent Decree and the CWA and that they are entitled to relief under applicable law. The United States reserves the right to argue that its position is reviewable only on the administrative record and must be upheld unless arbitrary and capricious or otherwise not in accordance with law.

66. The invocation of Dispute Resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of Defendants under this Consent Decree,

unless and until final resolution of the dispute so provides. Stipulated Penalties with respect to the disputed matter shall continue to accrue from the first day of noncompliance, but payment shall be stayed pending resolution of the dispute as provided in Section VIII (Stipulated Penalties), Paragraph 46, above.  If Defendants do not prevail on the disputed issue, Stipulated Penalties shall be assessed and paid as provided in Section VIII.  If Defendants prevail on the disputed issue, no Stipulated Penalties will be assessed.

<div align="center">

XI.  INFORMATION COLLECTION AND RETENTION

</div>

67.  The United States, the State, and the County, and their respective representatives, or agents, including attorneys, contractors, and consultants, shall have the right of entry to the Property covered by this Consent Decree, at all reasonable times, upon presentation of credentials, to:

a.    monitor the progress of activities required under this Consent Decree;

b.    verify any data or information submitted in accordance with the terms of this Consent Decree;

c.    obtain samples and, upon request, splits of any samples taken by Defendants or their representatives, contractors, or consultants;

d.    obtain documentary evidence, including photographs and similar data; and

e.    assess Defendants' compliance with this Consent Decree.

68.  Citizens' Monitoring Team

a.    Pursuant to the terms set forth in this

<div align="center">

- 33 -

</div>

Paragraph, Defendants shall permit the Citizens' Monitoring Team, as defined in Paragraph 68.b, below, to enter the Property, to:

    i.    monitor the progress of activities required under this Consent Decree;

    ii.   verify any data or information submitted in accordance with the terms of this Consent Decree;

    iii.  obtain samples and, upon request, splits of any samples taken by Defendants or their representatives, contractors, or consultants;

    iv.  obtain documentary evidence, including photographs and similar data; and

    v.   assess Defendants' compliance with this Consent Decree.

    b.   The Citizens' consultants, Adam Asquith and Andrew Hood, shall initially serve on the Citizens' Monitoring Team. If, for any reason, a replacement for Adam Asquith or Andrew Hood is needed, the Citizens and Defendants shall meet and confer in a good faith effort to select a mutually agreeable individual (or individuals) with the necessary education, background and experience to carry out the tasks described in Paragraph 68.a. If the Citizens and Defendants are unable to reach agreement on a replacement monitor within 30 days of the event necessitating a replacement, they shall submit the matter to the Magistrate Judge for resolution.

    c.   The Citizens' Monitoring Team, consisting of one or more monitors approved pursuant to Paragraph 68.b, may enter the Property up to 4 days per calendar year to carry out the tasks described in Paragraph 68.a. Scheduling of the Citizens'

- 34 -



Monitoring Team's site inspections shall be as follows:

   i.  The Citizens shall provide Defendants with at least 7 days advance written notice of the date and time for each site inspection ("routine inspection"), unless the primary purpose of the site inspection is to assess conditions during or following a storm event ("storm-related inspection"), in which case the Citizens shall provide at least 24 hours advance written notice.

  ii.  Defendants shall make reasonable efforts to accommodate the site inspection dates and times noticed by the Citizens.  If, despite reasonable efforts, Defendants cannot accommodate the date or time the Citizens have noticed for a routine inspection, Defendants and the Citizens shall identify a mutually acceptable alternate inspection date and time that falls within the 7-day period on either side of the routine inspection date and time noticed.  If, despite reasonable efforts, Defendants cannot accommodate the date or time the Citizens have noticed for a storm-related inspection, Defendants and the Citizens shall identify a mutually acceptable alternate inspection date and time that falls within the 48-hour period on either side of the storm-related inspection date and time noticed.

 iii.  Under no circumstances shall the Citizens' Monitoring Team enter the Property without

- 35 -

authorization from Defendants and without a
representative of Defendants accompanying the
Citizens' Monitoring Team during the visit.  This
Subparagraph neither alters Defendants' obliga-
tion to provide the Citizens' Monitoring Team
with access to the Property nor limits
Defendants' liability should they fail to provide
the Citizens' Monitoring Team with access to the
Property on the dates scheduled pursuant to
Subparagraphs c.(i) and (ii).  If the Citizens
believe Defendants have improperly denied the
Citizens' Monitoring Team access to the Property,
and the Citizens and Defendants are unable to
resolve the dispute informally, this Court shall
have exclusive jurisdiction to resolve the
dispute.

     d.    Within 20 days following each site inspection
described in Paragraph 68.c, the Citizens shall notify the
Defendants regarding concerns, if any, identified during the site
inspection regarding Defendants' implementation of work at the
Property pursuant to the Consent Decree.

     e.    Within 30 days after Defendants serve a Request
for Termination pursuant to Paragraph 88, the Citizens'
Monitoring Team, if it has not done so already, shall visit the
Property for purposes of evaluating whether Defendants have
completed all work at the Property in compliance with the work
plans in Appendices B-G.  This site visit shall be scheduled as
set forth in Paragraph 68.c, but shall not be subject to the

- 36 -

limitation on the number of site visits set forth therein.

   f. Through the period of its service under the Consent Decree, the Citizens' Monitoring Team shall, during the site visits authorized pursuant to this Paragraph, have full access to all areas of the Property where work has been, is being or, in the future, will be performed pursuant to the Consent Decree.  The Citizens' Monitoring Team shall also be entitled to review any and all relevant non-privileged documents related to its services that are possessed by or in the control of Defendants, and Defendants shall not withhold or prevent access to such documents; provided, however, that Defendants are entitled to seek a protective order from the Court in the event they believe that the Citizens' Monitoring Team has requested documents that are not reasonably related to its services or are privileged.

   g. Except as provided in Subparagraph g.iv, below, Defendants shall pay all reasonable and necessary costs, fees, and expenses of the Citizens' Monitoring Team, not to exceed $10,000 per 12-month period, for completion of the Citizens' Monitoring Team's duties described herein, as follows:

     i. Within 15 days after the Effective Date of this Consent Decree, Defendants shall place $10,000 into an escrow or trust account (the "Monitoring Fund").  Thereafter, until termination of this Decree or five years after its entry, whichever is earlier, Defendants shall, each year within 15 days of the anniversary of the Effective Date of this Consent Decree, place additional funds into

the Monitoring Fund to bring the fund balance to $10,000.

ii.   The members of the Citizens' Monitoring Team shall provide written invoices to Defendants and the Citizens for all costs, fees, and expenses associated with carrying out the duties described herein.  Following receipt of each invoice, Defendants and the Citizens shall have 15 days to object to any invoiced cost, fee, or expense pursuant to Subparagraph g.(iii).  Within 10 business days following expiration of this 15-day period, a check for reimbursement of any invoiced cost, fee or expense to which there is no timely objection will be issued from the Monitoring Fund to the monitor who submitted the invoice.

iii.  If Defendants or the Citizens believe any invoiced cost, fee, or expense is unreasonable, unnecessary, or unrelated to the Citizens' Monitoring Team's duties, they may, no later than 15 days after receiving an invoice from a member of the Citizens' Monitoring Team, notify the monitor who submitted the invoice and the other party, in writing, of the specific item(s) to which there is objection and the reason(s) for the objection(s).  Defendants, the Citizens, and the monitor who submitted the invoice shall meet and confer within 7 days in a good faith effort to resolve any objections prior to submitting the

- 38 -

matter to the Court for resolution.  The objec-
ting party shall bear the burden of establishing
that an invoiced cost, fee, or expense should not
be reimbursed from the Monitoring Fund.  If the
Defendants and the Citizens agree, or the Court
determines, that a cost, fee, or expense should
not be paid pursuant to the terms of this Consent
Decree, that cost, fee, or expense shall not be
paid from the Monitoring Fund, and Defendants
shall not be liable to any member of the
Citizens' Monitoring Team for that cost, fee or
expense.

iv.    On or about one year prior to the end of the
effectiveness monitoring period, as identified in
the OMMP, Defendants shall notify the Citizens
regarding the anticipated date of Defendants'
Request for Termination of the Consent Decree.
During the year following this notice, the
Citizens' Monitoring Team shall make reasonable
efforts to reserve a portion of its budget to
complete the site visit described in Paragraph
68.e.  If there are extenuating circumstances
such that, despite reasonable efforts, the
Citizens' Monitoring Team has depleted its
budget, but has not completed the site visit
described in Paragraph 68.e, the Citizens shall
so advise the Defendants, in writing.  The
Citizens and Defendants shall meet and confer



regarding whether Defendants should deposit
additional funds in the Monitoring Fund to permit
the Citizens' Monitoring Team to carry out the
site visit described in Paragraph 68.e, and, if
so, the amount of such funds.  If the Citizens
and Defendants cannot reach agreement, they shall
submit the matter to the Court for resolution.

69.  Upon request, Defendants shall provide EPA, the State,
the County, and the Citizens, or their authorized representa-
tives, splits of any samples taken by Defendants.  If EPA, the
State, the County, or the Citizens' Monitoring Team takes any
samples, the person or entity taking such samples shall provide
Defendants and the Citizens splits of those samples.

70.  Until five years after the termination of this Consent
Decree, Defendants shall retain, and shall instruct their
contractors and agents to preserve, all non-identical copies of
all documents, records, or other information (including docu-
ments, records, or other information in electronic form) in their
or their contractors' or agents' possession or control, or that
come into their or their contractors' or agents' possession or
control, and that relate in any manner to Defendants' performance
of their obligations under this Consent Decree.  This
information-retention requirement shall apply regardless of any
corporate or institutional information-retention policy to the
contrary.  At any time during this information retention period,
Defendants shall, within 30 business days of receipt of a request
by the United States, the State, the County, or the Citizens,
provide copies of any requested documents, records, or other

- 40 -

information required to be maintained under this Paragraph.

71.  At the conclusion of the information-retention period provided in the preceding Paragraph, Defendants shall notify the United States, the State, the County, and the Citizens at least 90 days prior to the destruction of any documents, records, or other information subject to the requirements of the preceding Paragraph and, within 30 business days of receipt of a request by the United States, the State, the County, or the Citizens, Defendants shall deliver any requested documents, records, or other information to the requesting party or parties. Defendants may assert that certain documents, records, or other information is privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Defendants assert such a privilege, they shall provide the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Defendants.  However, no documents, records, or other information created or generated pursuant to the requirements of this Consent Decree shall be withheld on grounds of privilege.

72.  Defendants may also assert that information required to be provided under this Section is protected as Confidential Business Information ("CBI") under 40 C.F.R. Part 2.  As to any information that Defendants seek to protect as CBI, Defendants shall follow the procedures set forth in 40 C.F.R. Part 2.

Nothing in this Paragraph, however, precludes the State, the County, or the Citizens from filing a motion with the Court to compel disclosure of any document that Defendants withhold under a CBI claim.  In ruling on such motion, the Court shall apply the standards for discovery pursuant to the Federal Rules of Civil Procedure.

73.  If Defendants assert any privilege other than CBI protection as to any documents under this Section, a Party may file a motion with the Court to compel disclosure of the document.  In ruling on such motion, the Court shall apply the standards for discovery pursuant to the Federal Rules of Civil Procedure.

74.  At the same time Defendants' seek termination of this Decree, or anytime thereafter, Defendants may elect to forward copies of all documents covered by Paragraph 70 to counsel for Plaintiffs, as identified in Section XIV of this Decree.  If Defendants elect to produce documents under the terms of this Paragraph, Defendants may invoke privileges or other protections in accordance with the provisions of Paragraphs 71 and 72, above. If Defendants elect to produce documents pursuant to this Paragraph, Defendants will have no further information retention obligations under this Consent Decree once all issues regarding any withheld documents are resolved.

75.  This Consent Decree in no way limits or affects any right of entry or inspection, or any right to obtain information, held by the United States, the State, the County, or the Citizens pursuant to applicable federal, State, or local laws, regula- tions, or permits, nor does it limit or affect any duty or

obligation of Defendants to maintain documents, records, or other information imposed by applicable federal, state, or local laws, regulations, or permits.

XII.   EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

76.   This Consent Decree resolves the civil claims of the United States and the State for the violations alleged in their Complaint through the date of lodging, as well as the violations alleged in Findings of Violation and Order for Compliance, United States Environmental Protection Agency Region 9, Docket No. CWA-402-9-02-043.   Together with the Settlement Agreement and Order in *Limu Coalition, et al. v. Pflueger, et al.*, Civil No. 02-00521 SPK BMK (D. Haw.), this Consent Decree resolves the claims set forth in the Citizens' complaint through the date of lodging, together with certain other claims.

77.   The United States, the State, the County, and the Citizens reserve all legal and equitable remedies available to enforce the provisions of this Consent Decree, except as expressly stated herein.   This Consent Decree shall not be construed to limit any right to obtain penalties or injunctive relief available to the United States under the R&HA, or to the United States, the State, the County, or the Citizens under the CWA, or implementing regulations, or under other federal, State, or local laws, regulations, or permit conditions, except as expressly specified herein.   Nothing in this Consent Decree precludes Defendants from raising, in such actions, available legal or equitable defenses, except as expressly precluded by this Decree.

- 43 -

78.   Subject to Paragraph 20, above, this Consent Decree is
not a permit, or a modification of any permit, under any federal,
State, or local laws or regulations.   Defendants are responsible
for achieving and maintaining complete compliance with all
applicable federal, State, and local laws, regulations, and
permits, and Defendants' compliance with this Consent Decree
shall be no defense to any action commenced pursuant to said
laws, regulations, or permits.   By consenting to the entry of
this Consent Decree, neither the United States, the State, the
County, nor the Citizens warrant or aver in any manner that
Defendants' compliance with any aspect of this Consent Decree
will result in compliance with any provisions of the CWA or
implementing regulations.

79.   This Consent Decree does not limit or affect the rights
of the Parties hereto against any third parties, not party to
this Consent Decree, nor does it limit or affect the rights of
third parties, not party to this Consent Decree, against
Defendants, including but not limited to rights of access to
kuleana, except as otherwise provided by law.

80.   This Consent Decree shall not be construed to create
rights in, or grant any cause of action to, any third party not
party to this Consent Decree.

## XIII.   COSTS

81.   Except as provided in the Paragraph below, the Parties
shall bear their own costs of this action (and their own costs of
other, related actions), including attorneys' fees, except that
the United States and the State shall be entitled to collect the
costs (including attorneys' fees) incurred in any action

- 44 -

necessary to collect any portion of the civil penalties or any Stipulated Penalties.

82.  a.    Defendants agree that the Citizens are entitled to an award of their costs of litigation (including reasonable attorney and expert witness fees) pursuant to Section 505(d) of the CWA, 33 U.S.C. § 1365(d), and Defendants and Citizens will attempt to reach agreement as to the amount of such award.  If they are unable to do so, the Citizens may file a motion with this Court for the recovery of fees and costs no later than sixty (60) days after the entry of this Consent Decree.

b.    The Citizens reserve the right to seek future awards of fees and costs for work reasonably spent to monitor and enforce compliance with this Consent Decree.  Defendants reserve the right to assert that the Citizens are not entitled to such fees and costs.

XIV.  <u>NOTICES</u>

83.  Unless otherwise specified herein, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be made in writing and addressed as follows:

<u>To the United States</u>:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Box 7611 Ben Franklin Station
Washington, D.C.  20044-7611
Re: DOJ No. 90-5-1-1-07871

and

David B. Glazer
U.S. Department of Justice
301 Howard Street, Suite 1050
San Francisco, California  94105

To EPA:

Laurie Kermish
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region 9
75 Hawthorne Street
San Francisco, California  94105

Kathi Moore
Jeremy Johnstone
U.S. Environmental Protection Agency
Region 9
Clean Water Compliance Office, WTR-7
75 Hawthorne Street
San Francisco, California  94105

Wendy Wiltse
EPA - Pacific Islands Contact Office
300 Ala Moana Blvd., Room 5-152
Box 50003
Honolulu, HI  96850

To the State:

Denis Lau, Chief
Mike Tsuji
Clean Water Branch
Department of Health
State of Hawaii
919 Ala Moana Blvd., Room 301
Honolulu, Hawai`i 96814

To the County:

County Attorney
County of Kaua`i
444 Rice Street, Suite 220
Lihu`e, Hawai`i  96766

Planning Director
County of Kaua`i
444 Rice Street, Suite 473
Lihu`e, Hawai`i  96766

and

Donald M. Fujimoto, County Engineer
Dept. of Public works
444 Rice St.
Mo'ikeha Bldg Ste 275
Lihue, HI 96766-1340

To the Citizens:

David L. Henkin
Earthjustice
223 South King Street
Suite 400
Honolulu, Hawai`i  96813


To Defendants:

Wesley H.H. Ching, Esq.
FUKUNAGA MATAYOSHI HERSHEY & CHING
Davies Pacific Center
Suite 1200
841 Bishop Street
Honolulu, Hawai`i  96813

Noel Wise
c/o Wesley H.H. Ching, Esq.
FUKUNAGA MATAYOSHI HERSHEY & CHING
Davies Pacific Center
Suite 1200
841 Bishop Street
Honolulu, Hawai`i  96813

        84.  Any Party may, by written notice to the other Parties,

change its designated notice recipient or notice address provided

above.

        85.  Notices submitted pursuant to this Section shall be

effective upon receipt.  A notice shall be deemed received under

this Paragraph: (1) in the case of a facsimile transmission, when

confirmation of the transmission is obtained; (2) in the case of

overnight or courier delivery, when the package containing the

notice is signed for; and (3) in the case of U.S. Mail delivery,

when the notice is actually delivered.

                XV.  RETENTION OF JURISDICTION

        86.  The Court shall retain jurisdiction over this case,

- 47 -

until termination of this Consent Decree, to resolve disputes arising under the Decree, enter orders modifying the Decree, and effectuate or enforce compliance with the terms of the Decree. The Court shall also retain jurisdiction to resolve any disputes arising under Paragraphs 70 through 74 of this Decree.

<p align="center">XVI.  <u>MODIFICATION</u></p>

87.  The terms of this Consent Decree may be modified only by a subsequent written agreement signed by all the Parties or upon motion and subsequent order of the Court in the absence of such agreement.  Where an agreed-to modification constitutes a material change to any term of this Decree, it shall be effective only upon approval by the Court.  The terms and schedules contained in Appendices B-I of this Decree may be modified upon written agreement of the Parties without Court approval, unless any such modification effects a material change to the terms of this Consent Decree or materially affects the Defendants' ability to meet the requirements or objectives of this Decree.

<p align="center">XVII.  <u>TERMINATION</u></p>

88.  After Defendants have complied with all requirements of this Consent Decree, including those relating to the SEP required by Section VI of this Consent Decree, and have paid the civil penalties and any accrued Stipulated Penalties as required by this Consent Decree, Defendants may serve upon the other Parties a Request for Termination, stating that Defendants have satisfied those requirements, together with all necessary supporting documentation.

89.  Following receipt by the other Parties of Defendants' Request for Termination, the Parties shall confer informally

<p align="center">- 48 -</p>

concerning the Request and any disagreement that the Parties may have as to whether Defendants have satisfactorily complied with the requirements for termination of this Consent Decree.  If the United States (after consultation with the State, the County, and the Citizens) agrees that the Decree may be terminated, the United States and the Defendants shall jointly move for termination of the Decree.  The other Parties reserve their right to oppose termination of the Decree.

90.  If the United States (after consultation with the State, the County, and the Citizens) does not agree that the Decree may be terminated, Defendants may invoke Dispute Resolution under Section X of this Decree.  However, Defendants shall not seek Dispute Resolution of any dispute regarding termination, under Paragraph 62 of Section X, until 45 days after service of its Request for Termination.

91.  The obligations established by this Consent Decree continue until termination of this Decree (except for the information retention obligations set forth in Paragraphs 70 through 74, which may continue beyond the date this Decree is terminated), and the claims set forth in the Plaintiffs' Complaints remain unresolved until that time.

XVIII.  <u>PUBLIC PARTICIPATION</u>

92.  This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment in accordance with 28 C.F.R. § 50.7.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or

inadequate.  Defendants and the Citizens consent to entry of this
Consent Decree without further notice.

### XIX.  SIGNATORIES/SERVICE

93.  Each undersigned representative of the Parties,
together with the Assistant Attorney General for the Environment
and Natural Resources Division of the Department of Justice,
certifies that he or she is fully authorized to enter into the
terms and conditions of this Consent Decree and to execute and
legally bind the Party he or she represents to this document.

94.  This Consent Decree may be signed in counterparts, and
its validity shall not be challenged on that basis.

95.  Defendants and the Citizens agree not to oppose entry
of this Consent Decree by the Court or to challenge any provision
of the Decree, unless the United States has notified Defendants
and the Citizens in writing that it no longer supports entry of
the Decree.

96.  Defendants agree to waive the formal service require-
ments set forth in Rule 4 of the Federal Rules of Civil Procedure
and any applicable Local Rules of this Court including, but not
limited to, service of a summons.

### XX.  INTEGRATION

97.  This Consent Decree and its Appendices constitute the
final, complete, and exclusive agreement and understanding among
the Parties with respect to the settlement embodied in this
Decree and supersede all prior agreements and understandings,
whether oral or written, concerning the settlement embodied
herein.  Other than the Appendices, which are attached to and
incorporated into this Decree, and submissions that are subse-

quently submitted and approved pursuant to this Decree, no other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall any be used in construing the terms of this Decree.

<div align="center">XXI. <u>FINAL JUDGMENT</u></div>

98.    Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court pursuant to Fed. R. Civ. P. 54 and 58.

<div align="center">XXII. <u>APPENDICES</u></div>

99.    The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is the County settlement agreement;

"Appendix B" is the Package 1 Work Plan;

"Appendix C" is the Kaloko Work Plan;

"Appendix D" is the Eastern Plateau Work Plan;

"Appendix E" is the Package 2 Work Plan;

"Appendix F" is the OMMP;

"Appendix G" contains the provisions governing the performance of the SEP;

"Appendix H" contains construction milestone deadlines subject to Stipulated Penalties; and

"Appendix I" contains the Implementation Schedule.

Dated and entered this ___ day of ___, ___.

_____
BARRY M. KURREN

- 51 -

*UNITED STATES, ET AL. v. JAMES H. PFLUEGER, ET AL.* AND *LIMU COALITION, et al. v. JAMES H. PFLUEGER, et al.* – CONSENT DECREE

United States District Judge
District of Hawai`i

FOR PLAINTIFF UNITED STATES OF AMERICA:

Date: 3-1-06

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural
    Resources Division
U.S. Department of Justice
Washington, D.C.  20530

DAVID B. GLAZER
Environment and Natural
    Resources Division
301 Howard Street, Suite 1050
San Francisco, California  94105

- 52 -

*UNITED STATES, ET AL. v. JAMES H. PFLUEGER, ET AL.* AND *LIMU COALITION, et al. v. JAMES H. PFLUEGER, et al.* – CONSENT DECREE

Date:  03 FEB 06

WAYNE NASTRI
Regional Administrator
U.S. Environmental Protection
    Agency – Region 9
75 Hawthorne Street
San Francisco, California  94105

Date:  February 28, 2006

GRANTA Y. NAKAYAMA
Assistant Administrator
Office of Enforcement and
Compliance Assurance
U.S. Environmental Protection
    Agency
Ariel Rios Building, 2241-A
1200 Pennsylvania Avenue, N.W.
Washington, D.C.  20460

OF COUNSEL

Laurie Kermish, Esq.
Office of Regional Counsel
U.S. Environmental Protection
    Agency – Region 9
75 Hawthorne Street
San Francisco, California  94105

*UNITED STATES, ET AL. v. JAMES H. PFLUEGER, ET AL. AND LIMU COALITION, et al. v. JAMES H. PFLUEGER, et al.* - CONSENT DECREE

FOR PLAINTIFF HAWAI`I DEPARTMENT OF HEALTH SERVICES:

Date: FEB 2 4 2006

CHIYOME LEINAALA FUKINO, M.D.
Director of Health
State of Hawai`i
1250 Punchbowl Street
Honolulu, Hawai`i  96813

APPROVED AS TO FORM:

Date: FEB 2 4 2006

KATHLEEN S. HO
Deputy Attorney General

- 54 -

*UNITED STATES, ET AL. v. JAMES H. PFLUEGER, ET AL., AND LIMU*
*COALITION, et al. v. JAMES H. PFLUEGER, et al. – CONSENT DECREE*

FOR THE COUNTY OF KAUA'I:

APPROVED AS TO FORM AND LEGALITY:

Date: 3-1-06

LANI D. H. NAKAZAWA
County Attorney

- 55 -

*UNITED STATES, ET AL. v. JAMES H. PFLUEGER, ET AL. AND LIMU*
*COALITION, et al. v. JAMES H. PFLUEGER, et al.* – CONSENT DECREE


FOR PLAINTIFFS LIMU COALITION AND KĪLAUEA NEIGHBORHOOD
ASSOCIATION:


Date: MARCH 2, 2006          _____
                             DAVID LANE HENKIN
                             Earthjustice
                             223 South King Street, Suite 400
                             Honolulu, Hawai`i  96813

- 56 -

*UNITED STATES, ET AL. v. JAMES H. PFLUEGER, ET AL.* AND *LIMU COALITION, et al. v. JAMES H. PFLUEGER, et al.* – CONSENT DECREE

Date: 1/20/06

JAMES H. PFLUEGER

JAMES H. PFLUEGER

Pila`a 400, LLC, a Hawai`i
limited liability company

By
JAMES H. PFLUEGER, its Manager

Pflueger Properties, a Hawai`i
limited partnership

By
JAMES H. PFLUEGER, Trustee of
the James H. Pflueger
Revocable Living Trust created
under Trust Agreement
dated March 20, 1984, as
amended, Its General Partner

Date: 1/20/06

WESLEY H.H. CHING, ESQ.
FUKUNAGA MATAYOSHI HERSHEY &
CHING
Davies Pacific Center
Suite 1200
841 Bishop Street
Honolulu, Hawai`i 96813

Date: 1/20/06

NOEL WISE, ESQ.

-57-