ORIGINAL

DAVID L. HENKIN          #6876
EARTHJUSTICE
223 South King Street, Suite 400
Honolulu, Hawai'i 96813
Telephone No.: (808) 599-2436
Fax No.: (808) 521-6841
Email: dhenkin@earthjustice.org

Attorneys for Plaintiffs*

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 2 0 2006

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

LODGED

MAR 0 9 2006
CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| LIMU COALITION, a Hawai'i non-profit corporation, and KĪLAUEA NEIGHBORHOOD ASSOCIATION, a Hawai'i non-profit corporation, | CIVIL NO. 02-00521 SPK BMK<br><br>SETTLEMENT AGREEMENT AND ORDER; EXHIBIT "1" |
| Plaintiffs, | |
| v. | |
| JAMES H. PFLUEGER; PFLUEGER PROPERTIES, a Hawai'i limited partnership; and PILA'A 400, LLC, a Hawai'i limited liability company, | |
| Defendants. | |

SETTLEMENT AGREEMENT AND ORDER

---

* Pursuant to Local Rule 10.2(b), please refer to the signature page for the complete list of parties represented.

WHEREAS, on August 19, 2002, Plaintiffs Limu Coalition and Kīlauea Neighborhood Association filed a Complaint ("Citizens' Suit"), since amended, against Defendants James H. Pflueger, Pflueger Properties LLP, and Pila'a 400, LLC, alleging violations of the federal Clean Water Act, 33 U.S.C. §§ 1251 et seq., associated with Defendants' construction activities on property at Pīla'a, Kaua'i, Hawai'i;

WHEREAS, concurrently with the lodging of this Settlement Agreement ("Agreement"), the United States of America, on behalf of the United States Environmental Protection Agency and the State of Hawai'i, on behalf of the Hawai'i Department of Health, filed a Complaint in this Court against Defendants, alleging Clean Water Act violations at Pīla'a similar to those alleged herein, as well as violations of state law ("the Government Suit");

WHEREAS, concurrently with the filing of the Government Suit, a consent decree was lodged in the Government Suit ("Consent Decree");

WHEREAS, the Plaintiffs and Defendants in the Citizens' Suit have agreed to enter into this Agreement, without any admission of fact or law, which they consider to be a just, fair, adequate and equitable resolution of the claims raised in this action; and,

WHEREAS, it is in the interest of the public, the parties, and judicial economy to resolve the issues in this action without protracted litigation;

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PLAINTIFFS AND DEFENDANTS IN THE CITIZENS' SUIT, AND THE COURT ORDERS, AS FOLLOWS:

1.  This Agreement shall be entered as a court order only if and when the Consent Decree is entered with the consent of all parties to the Government Suit.

2.  This Agreement, together with the Consent Decree, resolves Plaintiffs' claims alleged in the Citizens' Suit, through the date of lodging, as well as any pendent claims related to Defendants' construction activities at Pīlaʻa, through the date of lodging, that Plaintiffs could have raised herein.

3.  Defendants shall contribute a total of $135,000.00 to the Hanalei Watershed Hui (an Internal Revenue Code § 501(c)(3) organization) for purchase, operation, and support of a mobile water quality laboratory, pursuant to the following schedule:

    a.  No later than the first anniversary of the entry of the Consent Decree, Defendants shall contribute $85,000.00;

    b.    No later than the second anniversary of the entry of the Consent Decree, Defendants shall contribute an additional $25,000.00; and

    c.    No later than the third anniversary of the entry of the Consent Decree, Defendants shall make a final contribution of $25,000.00.

4.    Defendants shall make the contributions described in the preceding paragraph by certified check or cashier's check made payable to "Hanalei Watershed Hui" and tendered to: Hanalei Watershed Hui, P.O. Box 1285, Hanalei, Hawai'i 96714. Concurrently with making each payment, Defendants shall provide written notice to Plaintiffs' attorney of record: David Lane Henkin, Earthjustice, 223 South King Street, Suite 400, Honolulu, Hawai'i 96813.

5.    a.    Defendants shall remove (i) the berm along Kūhiō Highway between the bridge over Pīla'a Stream and the first gate on the Līhu'e side of the bridge and (ii) all vegetation (including, but not limited to, any neem or kukui trees, except as set forth in Paragraph 5.b), other than any grass or low-lying groundcover, in the area depicted as being within the dotted and

dashed line labeled "Remove All Shrubs Within This Boundary" on the Site, Grading and Erosion Control Plan attached hereto as Exhibit "1;"

b.  Defendants may retain the four kukui trees located near the first gate on the Līhuʻe side of the bridge over Pīlaʻa Stream, whose approximate location is identified on the Site, Grading and Erosion Control Plan attached hereto as Exhibit "1" and which are labeled thereon "Kukui Trees To Remain In Place;"

c.  Defendants have already submitted complete applications for all required permits. Defendants shall perform the work described in Paragraph 5.a pursuant to the following schedule:

   i.  Defendants agree that time is of the essence and shall make best efforts to secure any required permits as quickly as possible;

   ii. Defendants shall complete all work described in Paragraph 5.a within one hundred twenty (120) days of the issuance of all required permits or within one hundred twenty (120) days of the entry of the Consent Decree, whichever is later; and

        iii.    If Defendants are unable to acquire any necessary permits to perform any of the work set forth in Paragraph 5.a, after taking all reasonable and necessary steps to acquire such permits, then Defendants shall be excused from performance of any of the work set forth in Paragraph 5.a for which permits could not be acquired, and the failure to perform that work shall not constitute a breach of this Agreement;

    d.    Prior to the termination of the Consent Decree, Defendants shall not re-plant or cause to be re-planted any of the neem trees removed pursuant to Paragraph 5.a in any location where any of the trees would obstruct any portion of the view of the ocean from the section of Kūhiō Highway between the bridge over Pīlaʻa Stream and the first gate on the Līhuʻe side of the bridge;

    e.    Prior to the termination of the Consent Decree, neither Defendants nor any entity in which any Defendant has any ownership interest or over which any Defendant has any control shall plant or caused to be planted any vegetation, other than grass or low-lying groundcover for purposes of erosion control,

in the area depicted as being within the dotted and dashed line labeled "Remove All Shrubs Within This Boundary" on the Site, Grading and Erosion Control Plan attached hereto as Exhibit "1." If, during the term of the Consent Decree, any vegetation grows on the barbed wire fence along Kūhiō Highway between the bridge over Pīla'a Stream and the first gate on the Līhu'e side of the bridge, Defendants shall maintain such growth so that it does not obstruct the public's view of the ocean; and

f. Neither Defendants nor any entity in which any Defendant has any ownership interest or over which any Defendant has any control shall rebuild or replace the berm referenced in Paragraph 5.a or otherwise place or cause to be placed any fence, dirt, gravel, rocks, or similar material (not including vegetation) that obstructs the view of the ocean from the section of Kūhiō Highway between the bridge over Pīla'a Stream and the first gate on the Līhu'e side of the bridge.

6. Until the latter of (a) the date the Consent Decree terminates or (b) the date that Defendants make the final $25,000 contribution pursuant to

Paragraph 3.c, this Court shall retain jurisdiction to oversee compliance with the terms of this Agreement. Following the termination of this Court's jurisdiction, this Agreement continues to constitute an enforceable contract.

7. Defendants agree that Plaintiffs are entitled to an award of their costs of litigation (including reasonable attorney and expert witness fees) pursuant to Section 505(d) of the CWA, 33 U.S.C. § 1365(d), and the parties will attempt to reach agreement as to the amount of such award. If they are unable to do so, Plaintiffs may file a motion with this Court for the recovery of fees and costs no later than sixty (60) days after the entry of this Agreement as an order.

8. Plaintiffs reserve the right to seek future awards of fees and costs for work reasonably spent to monitor and enforce compliance with this Agreement. Defendants reserve the right to assert that Plaintiffs are not entitled to such fees and costs.

\\

\\

\\

\\

\\

DATED: *February 28, 2006*

*/s/ James H. Pflueger*
JAMES H. PFLUEGER

PILA'A 400, LLC, a Hawai'i
limited liability company

By: */s/ James H. Pflueger*
JAMES H. PFLUEGER, its Manager

PFLUEGER PROPERTIES,
a Hawai'i limited partnership

By: */s/ James H. Pflueger*
JAMES H. PFLUEGER, Trustee of
the James H. Pflueger
Revocable Living Trust created
under Trust Agreement
dated March 20, 1984, as
amended, Its General Partner

---

Limu Coalition, et al., v. Pflueger, et al., Civ. No. 02-00521 SPK BMK (D. Haw.); SETTLEMENT AGREEMENT AND ORDER

9

DATED: *March 1, 2006*.

                                                FUKUNAGA MATAYOSHI
                                                HERSHEY & CHING LLP
                                              WESLEY H. H. CHING    2896-0
                                              KATHLEEN M. DOUGLAS  5036-0
                                              841 Bishop Street
                                              1200 Davies Pacific Center
                                              Honolulu, Hawai'i 96813
                                              Telephone No.: (808) 533-4300
                                              Fax No.: (808) 531-7585
                                              Email: whc@fmhc-law.com

By: _/s/ Wesley H H Ching_
      WESLEY H.H. CHING, ESQ.
      NOEL WISE, ESQ.
      Attorneys for Defendants James H.
      Pflueger, Pflueger Properties, and
      Pila'a 400, LLC

DATED: *MARCH 8, 2006*.

      EARTHJUSTICE
      223 South King Street, Suite 400
      Honolulu, Hawai'i 96813

By: _/s/ David L. Henkin_
      DAVID L. HENKIN
      Attorneys for Plaintiffs Limu
      Coalition and Kīlauea Neighborhood
      Association

---

Limu Coalition, et al., v. Pflueger, et al., Civ. No. 02-00521 SPK BMK (D. Haw.); SETTLEMENT AGREEMENT AND ORDER

APPROVED AND SO ORDERED.

DATED: June 19, 2006

_____
JUDGE OF THE ABOVE-ENTITLED COURT

Limu Coalition, et al., v. Pflueger, et al., Civ. No. 02-00521 SPK BMK (D. Haw.); SETTLEMENT AGREEMENT AND ORDER